# United States Court of Appeals for the Fifth Circuit

---

No. 22-60176
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2023

Lyle W. Cayce
Clerk

Jorge Luis Mendoza Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 650 500

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jorge Luis Mendoza Martinez, a native and citizen of Mexico, petitions for review of the decision by the Board of Immigration Appeals (BIA) adopting and affirming an order of an immigration judge denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60176

As a preliminary matter, the IJ held, and the BIA affirmed, that Mendoza Martinez was barred from proceeding with his asylum claim because the application was untimely and he failed to demonstrate changed or extraordinary circumstances excusing the untimely filing. Although Mendoza Martinez now argues that the increase in violence by gangs and cartels since he left Mexico constitutes changed circumstances excusing the untimely filing of his asylum application, we lack jurisdiction to review determinations of timeliness that are based on findings of fact. *See Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

On appeal, Mendoza Martinez contends that he was subjected to past persecution, he has a well-founded fear of future persecution, he is entitled to protection under the CAT, and his circumstances warrant a grant of humanitarian asylum.

First, Mendoza Martinez argues that he suffered persecution because he was threatened on two occasions with harm and death by cartel members when he opposed their attempted recruitment. In both instances, Mendoza Martinez was able to walk away without being harmed. As we have explained, such exaggerated, non-specific threats, which were also lacking in immediacy, are not enough to demonstrate past persecution. *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) (citing *Corado v. Ashcroft*, 384 F.3d 945, 947

(8th Cir. 2004) (per curiam) (explaining that not all alleged death threats necessarily amount to persecution, such as "where a factfinder concludes that threats are exaggerated, non-specific, or lacking in immediacy")). Accordingly, the evidence does not compel a finding of past persecution. *See Martinez-Lopez*, 943 F.3d at 771.

Next, to demonstrate a well-founded fear of future persecution, an applicant must have a subjective fear of persecution, the fear must be objectively reasonable, and the subjective fear must have a nexus to a protected ground. *Cabrera v. Sessions*, 890 F.3d 153, 159-60 (5th Cir. 2018). Here, Mendoza Martinez argues that he demonstrated a clear probability of future prosecution based on his country condition evidence and testimony that he would be killed if he refused recruitment by a cartel. But this evidence reflects a fear of general criminal activity, and "an applicant's fear of persecution cannot be *based solely* on general violence and civil disorder." *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004). Moreover, nothing in the record indicates that Mendoza Martinez would be targeted on his claimed protected ground, his relationship with his father. Thus, the evidence does not compel a finding that Mendoza Martinez has a well-founded fear of future persecution on account of a protected basis.

To establish entitlement to relief under the CAT, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The record does not compel a finding that Mendoza Martinez made such a showing. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

Finally, Mendoza Martinez argues that he warrants a grant of humanitarian asylum. As the Government notes, however, Mendoza

No. 22-60176

Martinez failed to exhaust this challenge to the BIA. We agree that the issue is unexhausted and therefore decline to reach it. *See* 8 U.S.C. § 1252(d)(1).[1]

Based upon the foregoing, the petition for review is DISMISSED IN PART and DENIED IN PART.

---

[1] "Neither the Supreme Court nor our court has decided whether § 1252(d)(1) is a *mandatory* claim-processing rule." *Carreon v. Garland*, 71 F.4th 247, 257 n.11 (5th Cir. 2023); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be mandatory in the sense that a court must enforce the rule if a party properly raise[s] it." (alteration in original) (citations and quotations omitted)). However, we need not address this question as we would enforce the exhaustion requirement regardless of whether § 1252 is a mandatory claims processing rule. *See Carreon*, 71 F.4th at 257.