# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60208
Summary Calendar

_____

Seng Xiong,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A022 479 141

_____

Before Barksdale, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Seng Xiong, a native and citizen of Laos, whose ethnicity is Hmong, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of protection under the Convention Against Torture (CAT). The BIA determined, *inter alia*, that Xiong failed to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

show the requisite individualized risk of torture for deferral of removal under the CAT.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017). The BIA's factual determination that an individual is not eligible for CAT protection is reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (outlining standard). Under this standard, petitioner "has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* Our court has jurisdiction to review the denial of CAT protection regardless of Xiong's fraud convictions. *See Nasrallah v. Barr*, 590 U.S. 573, 579–81 (2020) (outlining jurisdictional framework for reviewing CAT-relief denials).

Xiong's testimony that he would be immediately detained in Laos and suffer torture can reasonably be viewed as speculative. A reasonable factfinder could conclude, as the IJ and BIA did, that such testimony was insufficient to show he would more likely than not be tortured if removed to Laos. *E.g.*, *Morales*, 860 F.3d at 818 (rejecting other "permissible view of the evidence" contention). Xiong's documentary evidence also does not compel the conclusion he demonstrated the requisite individualized risk of torture. *See id.* (determining news articles and reports were too general to show likelihood of torture to applicant); *Chen*, 470 F.3d at 1140–41 (determining generalized reports about torture in detention centers did not compel conclusion that applicant would likely be detained and tortured). In the light of the record, Xiong fails to show the requisite evidence compelling a contrary conclusion. *See Morales*, 860 F.3d at 818; *Chen*, 470 F.3d at 1140–41.

Although Xiong also contends the denial of CAT protection based on insufficient evidence was reversible legal error, the contention is unavailing. Despite his phrasing the contention in legal terms, Xiong's disagreement with the weighing of the evidence does not present a question of law. *See, e.g.*, *Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023) (rejecting petitioner's attempt to rephrase contention as question of law).

Finally, Xiong contends the BIA's decision should be reversed because it conflicts with the Department of Homeland Security's alleged conclusion that he should not be sent back to Laos. Xiong arguably forfeited this contention by inadequate briefing. *See* FED. R. APP. P. 28(a)(8)(A) (requiring brief to contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). In any event, he fails to show evidence compelling a conclusion contrary to the BIA's. *See Chen*, 470 F.3d at 1134.

DENIED.