# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60342

————————

Akashpreet Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency No. A240 743 912

_____

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Akashpreet Singh, a native and citizen of India, seeks asylum on the ground that members of his country's ruling party physically abused him on several occasions due to his affiliation with the opposing political party. Both the IJ and the Board of Immigration Appeals found that Singh failed to adequately show that he was persecuted in the past or that there was a reasonable possibility of persecution upon return to his country.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

For the following reasons, we deny the petition for review.

* * *

We review the BIA's decision and consider the IJ's ruling only to the extent it impacted the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The substantial evidence standard of review applies to the factual conclusion that an alien is not eligible for asylum, "even when the [BIA has] determine[d] the alien is credible and accept[ed] his version of the facts." *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020). Under substantial evidence review, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

Singh presents three arguments on appeal.

First, Singh challenges the IJ's adverse credibility finding. However, since the BIA assumed Singh was credible and did not reach the merits of the IJ's adverse credibility ruling, Singh's challenge to that ruling is not properly before us and, accordingly, we will not consider it. *See Wang*, 569 F.3d at 536.

Second, Singh argues that the BIA erred in affirming that he failed to establish past persecution for his asylum claim. Asylum may be granted to an individual who is unable or unwilling to return to his home country because of past persecution or a well-founded fear of persecution on account of a statutorily protected ground, such as religion or political opinion. 8 U.S.C. § 1101(a)(42)(A); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). If he cannot show past persecution, the asylum applicant must demonstrate a

subjective fear of future persecution that is objectively reasonable.  *See Chen*, 470 F.3d at 1135.

Persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive."  *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017) (internal quotation marks and citation omitted).  Our circuit has established that even brutal physical attacks or egregious violent behavior may not qualify as persecution.  *Gjetani*, 968 F.3d at 398 (citing cases in which assaults leading to a loss of consciousness, hospitalization, a broken rib, or physical deformity with scars were not deemed persecution). Moreover, we have indicated that "regular and methodical targeting" with an "organized, relentless campaign" of threats and violence is necessary for persecution, *id.*, and that threats lacking in specificity and immediacy are insufficient.  *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019).

In this case, Singh argues that he was subject to threats and attacks because of his affiliation with an opposing political party.  While the BIA noted that Singh was beaten two times, the record shows that he was beaten three times—twice by members of the Bharatiya Janata Party (BJP), the ruling party, and once by the police.  While the BIA did not characterize the incident with the police as a third beating, it did acknowledge and consider that Singh was held in police custody and was assaulted by police officers.

Singh eventually moved to his uncle's home in a different village, and then fled to India.  After leaving India, Singh learned that BJP members approached his family members, who threatened to kill Singh if he returned to his country.  While this evidence certainly indicates that Singh was the victim of "a handful of assaults [and] threats," it does not establish that he suffered "a systematic, sustained pattern of assaults."  *Gjetani*, 968 F.3d at 395, 398 (no persecution when a member of a minority political party was threatened three times within a two-week span).  Accordingly, the evidence

does not compel a factual finding that he suffered past persecution. *See Chen*, 470 F.3d at 1134.

Finally, we decline to reach the issue whether Singh established an objectively reasonable fear of future persecution, which the BIA deemed forfeited on appeal. According to the Government, the BIA forfeited the argument and, thus, the objective-reasonableness issue is unexhausted at the administrative level. We may review a final removal order only if all available administrative remedies have been exhausted. 8 U.S.C. § 1252(d)(1); *see Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Although Singh summarily asserted in his BIA brief that the IJ erred in finding that he failed to demonstrate a credible fear of future persecution, Singh neither set forth the legal standard for establishing an objectively reasonable fear of future persecution nor provided an explanation for how he satisfied that standard. *See Chen*, 470 F.3d at 1135-36 (setting forth the applicable standard). Because it is "not enough to merely mention or allude to a legal theory," Singh forfeited this issue before the BIA and thus did not exhaust his administrative remedies on that point. *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 (5th Cir. 2020) (internal quotation marks and citation omitted); *see Carreon*, 71 F.4th at 257.

For these reasons, the petition for review is denied.