# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2023

Lyle W. Cayce
Clerk

No. 21-60391

Jose Luis Medina Carreon,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 224 818

Before Wiener, Higginson, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Jose Luis Medina Carreon, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He challenges the BIA decision on grounds that: (1) it was *ultra vires* because the order was signed by a temporary BIA member whose term had expired; (2) the BIA erred in finding that Medina Carreon lacked good moral character; and (3) the BIA erred in affirming the denial of voluntary departure. We lack jurisdiction to consider some of Medina Carreon's

No. 21-60391

arguments, and where we have jurisdiction, his arguments fail. Accordingly, we dismiss his petition in part and deny it in part.

## I.

Medina Carreon entered the United States in 1996 without being admitted or paroled. In 2011, while serving a sentence for three misdemeanor convictions arising out of an illegal cockfighting ring,[1] he was served with a notice to appear for removal proceedings. At a hearing in March 2013, Medina Carreon conceded removability and filed an application for cancellation of removal. At a September 2018 hearing concerning his application, he testified that he did not know cockfighting was illegal in Texas, as it commonly occurs in Mexico.

Following that hearing, the Immigration Judge (IJ) determined that Medina Carreon was ineligible for cancellation of removal because he lacked good moral character under 8 U.S.C. § 1101(f)'s "catchall" provision.[2] The IJ weighed facts bearing on Medina Carreon's character as either positive or negative. As positives, the IJ considered Medina Carreon's family, his long residence in the United States, his "enduring marriage," his employment record, his assets, and character testimony that he was "a hard, good worker, and a good family man and neighbor." As negatives, the IJ considered

---

[1] Medina Carreon was arrested while attending a cockfight in Grayson County, Texas. Subsequently, he was convicted of attempt to commit cruelty to livestock animals, keeping a gambling place, and gambling promotion. For these crimes, he was sentenced to 180 days in prison but only served five months.

[2] Section 1101(f) provides a multi-part definition for whether an alien may be regarded as a person of good moral character. The definition first prohibits such a finding for aliens falling into certain per se classes. *See* 8 U.S.C. § 1101(f)(1)–(9). It ends with a "catchall" provision, which states that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id.* § 1101(f).

No. 21-60391

Medina Carreon's three cockfighting-related convictions, another conviction for driving on a suspended license, and the fact that he "hired workers unlawfully in the United States and paid his workers in cash, leaving it up to them to report their income to the IRS." Because the "negative factors far outweigh[ed] the positive factors," the IJ concluded "in its discretion" that Medina Carreon lacked good moral character and denied his application for cancellation of removal. "For the same reasons," the IJ *sua sponte* denied Medina Carreon the privilege of voluntary departure "as a matter of . . . discretion."[3]

The BIA agreed with the IJ and dismissed Medina Carreon's appeal. Medina Carreon timely petitioned our court for review.

## II.

Medina Carreon first asserts that the BIA's ruling was an invalid *ultra vires* act because two of the three BIA members who ruled on his case were temporary members whose initial terms had expired. The Government responds that (A) we lack jurisdiction to consider this claim because Medina Carreon did not exhaust it before the BIA, (B) such challenges may not be raised in a petition for review, and (C) the claim fails on its merits. We consider each of the Government's arguments in turn.

## A.

As a preliminary matter, the Government contends that we lack jurisdiction to consider this claim because Medina Carreon failed to raise it before the BIA. Our court considered a similar claim in *Ayala Chapa v. Garland* and held that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) applies to such claims. 60 F.4th 901, 905 (5th Cir. 2023). Because Ayala

---

[3] The IJ noted that Medina Carreon did not request voluntary departure.

3

No. 21-60391

Chapa "never presented his *ultra vires* claim to the BIA, even though he could have raised it in his motion to reconsider," we concluded that he had failed to exhaust the claim and we lacked jurisdiction to consider it. *Id.*

*Ayala Chapa*, however, has been abrogated by the Supreme Court's intervening decision in *Santos-Zacaria v. Garland*. 143 S. Ct. 1103 (2023). *Santos-Zacaria* clarified that an alien need not file a motion for reconsideration to exhaust arguments that arise as the result of a BIA opinion. *Id.* at 1116–17 ("[Section] 1252(d)(1) does not require that [an alien] seek reconsideration from the Board[.]"). Therefore, Medina Carreon's failure to press this claim in a motion for reconsideration before the BIA is no bar to our considering it now.

**B.**

Immigration regulations permit the Director of the Executive Office for Immigration Review (the Director) to "designate . . . temporary Board members for terms not to exceed six months." 8 C.F.R. § 1003.1(a)(4). Medina Carreon contends that the two temporary BIA members who ruled in his case did so *ultra vires* because their six-month terms had expired and "had not been renewed in accordance with [this] regulation."

The Government responds that its adherence to "regulations governing internal agency procedures" cannot be challenged in a petition for review before our court. After all, petitions for review may challenge only "matters on which the validity of the final order is contingent." *INS v. Chadha*, 462 U.S. 919, 938 (1983) (quotations and citation omitted). Because the regulation at issue "merely concerns the Board's organization, management, and internal procedures," the Government submits that Medina Carreon's removal order "is not fairly contingent on the operation of the regulation" such that the regulation "is not within the scope of [our] review[.]"

4

No. 21-60391

But Medina Carreon does not merely challenge the Government's compliance with a regulation. Rather, he contends that non-compliance rendered the BIA's decision in his case *ultra vires*. "[A]n agency acts *ultra vires* when it 'go[es] beyond what Congress has permitted it to do[.]'" *Nastase v. Barr*, 964 F.3d 313, 318 (5th Cir. 2020) (quoting *City of Arlington v. FCC*, 569 U.S. 290, 298 (2013)). Because the issue goes to the heart of the order's validity, "whether [the] BIA decision was made *ultra vires*" is a "reviewable question." *Id.* Put differently, that question is a "matter[] on which the validity of the final order is contingent." *Chadha*, 462 U.S. at 938 (quotations and citation omitted); *see also Jean v. Gonzales*, 452 F.3d 392, 396–98 (5th Cir. 2006) (considering the merits of an *ultra vires* claim asserted in a petition for review).

## C.

Having hurdled the Government's threshold objections, we address the merits of Medina Carreon's *ultra vires* claim. Medina Carreon contends that the two temporary BIA members who ruled in his case acted *ultra vires* because their terms had "terminated by automatic operation of law" on October 31, 2020, nearly six months before they ruled in his case. This is so because, according to Medina Carreon, the Director lacked authority to renew the members' terms beyond the initial six-month period. As support, Medina Carreon contrasts the regulation authorizing the Director to designate temporary BIA members with the analogous regulation allowing for temporary immigration judges. *Compare* 8 C.F.R. § 1003.1(a)(4) (authorizing Director to "designate . . . temporary Board members for terms not to exceed six months") *with* 8 C.F.R. § 1003.10(e)(1) (authorizing Director to "designate . . . temporary immigration judges for *renewable* terms not to exceed six months" (emphasis added)). Medina Carreon submits that the absence of the word "renewable" in § 1003.1(a)(4) leaves the Director without authority to reappoint temporary BIA members.

No. 21-60391

The Government disputes Medina Carreon's view of the regulation, positing that the regulation's plain language "necessarily contemplates the possibility of more than one term of appointment." Moreover, the Government clarifies that, at the conclusion of their initial terms, the two temporary BIA members were reappointed by the Attorney General to new six-month terms.[4] The Government therefore urges that the temporary BIA members exercised lawful authority at the time they ruled in Medina Carreon's case.

Medina Carreon concedes that the Attorney General has authority to renew the terms of temporary BIA members. Instead, he lodges a more granular challenge to *the Director's authority* to do so. In other words, his argument hinges on whether the Attorney General properly delegated his renewal authority to the Director through regulation. But his argument collapses against the BIA members' reappointment paperwork, of which we take judicial notice, because that documentation substantiates the Government's assertion that the temporary BIA members were reappointed by the Attorney General, not the Director. So Medina Carreon's argument misses its mark.

## III.

To be eligible for cancellation of removal, an alien must, *inter alia*, have "been a person of good moral character" during the ten years immediately preceding the date of the application for cancellation of removal.

---

[4] As an addendum to its brief, the Government submitted copies of the members' reappointment paperwork. Though our review is ordinarily limited to the administrative record, 8 U.S.C. § 1252(b)(4)(A), we may take judicial notice of "matters of public record directly relevant to the issue at hand," *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011), where the issue is the BIA's authority itself, not its consideration of the record. Therefore, we take judicial notice of the temporary BIA members' reappointment in considering whether the BIA acted within its authority.

8 U.S.C. § 1229b(b)(1)(B).  Medina Carreon contends that the BIA erred in denying his application for cancellation of removal under § 1229b based on the finding that he lacked such character.  We must first consider whether we have jurisdiction to review Medina Carreon's arguments.  *See Ruiz-Perez v. Garland*, 49 F.4th 972, 976 (5th Cir. 2022).

Congress has proscribed our jurisdiction to review "any judgment regarding the granting of relief under . . . [§] 1229b[.]"    8 U.S.C. § 1252(a)(2)(B)(i).  Nonetheless, Medina Carreon invites us to review the BIA's conclusion that he is ineligible for relief under § 1229b(b)(1)(B), and the Government urges that we may do so under *Trejo v. Garland*, 3 F.4th 760 (5th Cir. 2021).[5]  But to the extent *Trejo* articulated a distinction between ultimate determinations of whether to grant cancellation of removal (discretionary, and not reviewable) and underlying determinations of whether an applicant is eligible for relief (non-discretionary, and reviewable), *id.* at 766–68, 772–73, *Trejo* has been abrogated by *Patel v. Garland*, 142 S. Ct. 1614 (2022).  *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (discussing *Patel*'s abrogation of *Trejo*).

In *Patel*, the Supreme Court held that § 1252(a)(2)(B)'s jurisdictional bar extends to "any authoritative decision," which "encompasses any and all decisions relating to the granting or denying of discretionary relief," including "[f]actual findings."  142 S. Ct. at 1621.  We have since held that *Patel* bars our review of the determination that an alien is ineligible for cancellation of removal under § 1229b(b)(1)(D).  *Castillo-Gutierrez*, 43 F.4th at 481; *see also Ayala Chapa*, 60 F.4th at 903 (discussing *Patel*'s application to

---

[5] In *Trejo*, this court concluded that § 1252(a)(2)(B)(i) addresses only the ultimate discretionary determination of whether to grant cancellation of removal and not the underlying, non-discretionary determination of whether an applicant is *eligible* for discretionary relief.  3 F.4th at 766–68, 772–73.

§ 1229b), *abrogated on other grounds by Santos-Zacaria*, 143 S. Ct. at 1116–17. In like manner, *Patel* bars our review of the "authoritative decision" that an alien lacks good moral character under § 1229b(b)(1)(B). 142 S. Ct. at 1621.[6]

To be sure, we retain jurisdiction over any "constitutional claims or questions of law" raised by a petition challenging the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(D). Even then, the Government may timely object to our considering arguments that Medina Carreon failed to exhaust before the BIA. *See* 8 U.S.C. § 1252(d)(1) (granting review only where "the alien has exhausted all administrative remedies available to the alien as of right"); *cf. Santos-Zacaria*, 143 S. Ct. at 1116 ("[Section] 1252(d)(1)'s exhaustion requirement is not jurisdictional[;] it is subject to waiver and forfeiture."). Mindful of these limitations, we review Medina Carreon's arguments: (A) that the BIA gave too much weight to his cockfight-related criminal convictions and not enough weight to rehabilitation, (B) that the BIA improperly relied on a 2019 Attorney General's decision, and (C) that the IJ implicitly concluded that Medina Carreon's conviction for attempted cruelty to animals constituted a crime involving moral turpitude.

## A.

In his petition, Medina Carreon casts as a question of law the BIA's purportedly misconstruing and misapplying its own precedent to give too much weight to his cockfighting-related criminal convictions and too little weight to "evidence of rehabilitation." He exhausted this argument before the BIA, where he contended that the IJ did the same. But he "may not—

---

[6] Whether "a specific alien lacks 'good moral character'" is a "factual finding," *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002), and thus is authoritative under *Patel*, notwithstanding our pre-*Patel* case law reviewing that determination under the substantial-evidence standard, *see id.*

merely by phrasing his argument in legal terms—use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law." *Nastase*, 964 F.3d at 319 (cleaned up); *see also Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021) (rejecting "argument [that] essentially asks us to reweigh the facts . . . , which we are without jurisdiction to do"). Simply put, his contention that the BIA did not properly consider all the relevant factors "does not involve a constitutional claim or a question of law[.]" *Natase*, 964 F.3d at 320 (quoting *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007)). We therefore lack jurisdiction to consider this argument.

## B.

Medina Carreon also contends that the BIA improperly relied on a 2019 decision[7] by the then-Acting Attorney General (AAG) because it was issued without legal authority due to alleged defects in the AAG's appointment.

Preliminarily, exhaustion does not bar our consideration of this claim. While the Government objects that Medina Carreon failed to exhaust this claim by not raising it in a motion to reconsider before the BIA, a motion for reconsideration was not necessary. *Santos-Zacaria*, 143 S. Ct. at 1116–17.

Even so, we do not consider the merits because Medina Carreon failed to brief the issue adequately. Medina Carreon contends that the AAG's appointment "violated the Attorney General Succession Act as well as Executive Order 13753," but he nowhere explains what those laws require or how the AAG's appointment ran afoul of them. He points to a single out-of-circuit district court case—*Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928 (D. Md. 2020)—and urges that "the same analytical framework" applies

---

[7] *See Matter of Castillo-Perez*, 27 I. & N. Dec 664 (A.G. 2019).

here. But he fails to identify that framework or otherwise explain how *Casa de Maryland*, a case about the legality of the appointment of an Acting Secretary of Homeland Security, applies to the AAG or to the BIA's opinion regarding Medina Carreon's removal. Accordingly, we find that he waived this argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).[8]

## C.

Finally, Medina Carreon contends that the IJ committed legal error by "bas[ing] his decision . . . on the flawed, implicit legal conclusion" that Medina Carreon's conviction for attempting to commit cruelty to animals is a crime involving moral turpitude (CIMT).[9] Medina Carreon did not raise this argument before the BIA. But because the Government failed to raise exhaustion as to this argument, any such objection is forfeited. *See Santos-Zacaria*, 143 S. Ct. at 1112 (Section 1252(d)(1)'s exhaustion requirement "is a quintessential claim-processing rule."); *see also Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (Any objection based on noncompliance with

---

[8] While the terms waiver and forfeiture are "often used interchangeably by jurists and litigants," they "are not synonymous." *Id.* (citations and quotations omitted). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

Medina Carreon seems to recognize that his opening brief's discussion of the AAG's alleged lack of authority is inadequate, as he promised that he "[would] fully brief the issue" in reply "[i]n the event Respondent contest[ed]" his argument. The Government thoroughly did so, yet Medina Carreon then wholly failed to address the issue on reply. So after cursorily raising the point, he later intentionally abandoned this argument in his briefing.

[9] In the alternative, he contends that even if his offense constitutes a CIMT, the petty-offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii) applies. Because we conclude that neither the IJ nor the BIA considered his conviction to be a CIMT, we need not decide this issue.

a claim-processing rule is forfeited "if the party asserting the rule waits too long to raise the point." (quotations and citations omitted)).

Nevertheless, Medina Carreon's argument fails. The IJ listed Medina Carreon's conviction among the factors weighing against a finding of good moral character but never found it to be a CIMT. Neither did the BIA. Though the BIA noted that it had previously found "a conviction involving cockfighting, specifically for sponsoring or exhibiting an animal in an animal fighting venture," to be a CIMT, it never concluded that Medina Carreon's own cockfighting-related conviction was itself a CIMT. Rather, the BIA determined that the IJ had not erred in concluding that Medina Carreon's attendance at the cockfight and his related convictions impugned his moral character.[10]

## IV.

Finally, Medina Carreon challenges the BIA's decision affirming the IJ's *sua sponte* denial of voluntary departure under 8 U.S.C. § 1229c, on two grounds. First, he contends that the denial of voluntary departure relied on the same flawed good-moral-character determination that undergirded the denial of his request for cancellation of removal. But § 1252(a)(2)(B)'s limitation on our jurisdiction expressly extends to review of decisions regarding voluntary departure under § 1229c. *See Patel*, 142 S. Ct. at 1622 (stating that the Court's reasoning extends to all the "enumerated provisions" in § 1252(a)(2)(B)).

---

[10] Moreover, the IJ and BIA found he lacked good moral character under 8 U.S.C. § 1101(f)'s catchall provision, which only applies to aliens who are not within any of the classes enumerated in the statute. *See supra* note 2. One of those includes aliens convicted of a CIMT. *See* 8 U.S.C. § 1101(f)(3). Thus, by applying § 1101(f)'s catchall provision, the IJ and BIA implicitly determined that Medina Carreon's conviction was *not* a CIMT.

No. 21-60391

Second, Medina Carreon contends that the IJ committed legal error by looking beyond the requisite five-year period to consider his 2011 cockfighting-related convictions. *See* 8 U.S.C. § 1229c(b)(1)(B) (permitting an IJ to grant voluntary departure where "the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure"). To the extent Medina Carreon challenges the BIA's interpretation of § 1229c(b)(1)(B), we may review it under 8 U.S.C. § 1252(a)(2)(D). *See Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997) ("Questions of statutory interpretation are questions of law[.]").

The Government objects to our considering this issue because Medina Carreon failed to raise it before the BIA as required by § 1252(d)(1)'s exhaustion requirement. We agree that the issue is unexhausted and therefore decline to reach it.[11]

## V.

For the forgoing reasons, we DISMISS Medina Carreon's petition for review in part and DENY it in part.

---

[11] Neither the Supreme Court nor our court has yet decided whether § 1252(d)(1) is a *mandatory* claim-processing rule. *See Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raise[s] it." (alteration in original) (citations and quotations omitted)). But because we would enforce the exhaustion requirement here either way, we need not decide whether § 1252(d)(1) requires us to do so.