# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

No. 21-60251
Summary Calendar

Sergio Eder Hernandez Martinez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 205-649-564

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Sergio Eder Hernandez-Martinez, a native and citizen of Mexico, petitions us for review of a decision of the Board of Immigration Appeals (BIA) denying him cancellation of removal. The immigration judge (IJ) found him not credible and, as a matter of discretion, found that he lacked "good moral character," which disqualified him from the relief he sought

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60251

under 8 U.S.C. § 1229b(b)(1). The BIA affirmed, finding no clear error in the IJ's findings "that the respondent provided conflicting testimony and was not forthcoming with respect to material aspects of his claim, particularly regarding his prior criminal history, continued alcohol use, and total earnings." In his petition, Hernandez-Martinez argues that the agency erred in finding him not credible and in finding him not to be a person of good moral character.

Under 8 U.S.C. § 1252(a)(2)(B)(i), however, we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . § 1229b," which includes judgments relating to cancellation of removal. Our review of these agency determinations is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

The Supreme Court has held that this jurisdictional bar applies even to findings of fact underlying the denial of cancellation of removal under 8 U.S.C. § 1229b(b). *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). We have recently held that moral-character determinations fall within the jurisdictional bar under *Patel. Carreon v. Garland*, 71 F.4th 247, 254 (5th Cir. 2023) ("*Patel* bars our review of the 'authoritative decision' that an alien lacks good moral character under § 1229b(b)(1)(B)."); *Diaz v. Garland*, No. 21-60956, 2023 WL 4399240, at *2 (5th Cir. July 7, 2023).

These authorities require us to dismiss the petition. Here, Hernandez-Martinez's petition argues that the record evidence compels the conclusion that the agency erred in finding him not credible and not to be a person of good moral character. But these are factual challenges that Congress has barred from our review. *See Patel*, 142 S. Ct. at 1621–22, (holding that federal courts may not review an IJ's conclusion that a noncitizen's testimony is not credible); *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (adverse

credibility determinations are findings of fact); *Carreon*, 71 F.4th at 254 (holding that moral-character determinations fall within § 1252(a)(2)'s jurisdictional bar).

Although Hernandez-Martinez asserts that the issues he raises are questions of law, his position is squarely foreclosed by our precedent because his challenges are factual in nature. He also contends that his petition raises a justiciable mixed question of law and fact because, according to him, the agency misapplied the good-moral-character legal standard to undisputed facts. "But he may not—merely by phrasing his argument in legal terms— use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law." *Carreon*, 71 F.4th at 255 (internal quotation marks omitted).

The petition for review is DISMISSED. The Government's motion to dismiss is DENIED as moot.