# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60313
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2023

Lyle W. Cayce
Clerk

Muhammad Mushtaq,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 719 346

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Muhammad Mushtaq, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) order upholding the denial of his application for asylum and withholding of removal. (As in the BIA, no claim is premised on the Convention Against Torture.)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60313

Because the BIA's decision is reviewed for substantial evidence, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it". *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (alteration and emphasis in original) (citation omitted). The BIA concluded Mushtaq did not show the requisite nexus between the alleged harm and a statutorily protected ground. *See, e.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021) (explaining protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm" (citation omitted)). In this instance, the BIA noted the harm suffered and feared by Mushtaq resulted from a land dispute, not political or religious affiliation. The evidence does not compel the requisite contrary conclusion, accordingly the asylum and withholding-of-removal claims fail.

For the other presented claim in this petition for review, Mushtaq did not exhaust his claim that counsel was not permitted to develop his contentions. Because the Government raises exhaustion, our court will enforce this claim-processing rule and decline to consider this claim. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) (declining to reach unexhausted claims); *cf. Carreon v. Garland*, 71 F.4th 247, 256–57 (5th Cir. 2023) (concluding Government forfeited exhaustion contention by failing to raise it).

DENIED.