# United States Court of Appeals for the Fifth Circuit

_____

No. 23-60225
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2024

Lyle W. Cayce
Clerk

Isaias Arteaga Ibarra,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 426 145

_____

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Isaias Arteaga Ibarra (Arteaga), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) affirming the denial of withholding of removal and protection under the Convention Against Torture (CAT). Our court reviews the BIA's decision and also

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

considers the decision of the immigration judge (IJ), which was adopted by the BIA. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Questions of law are reviewed *de novo*. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). The BIA's factual determination that an individual is not eligible for withholding of removal or CAT relief is reviewed under the substantial-evidence standard. *E.g.*, *id.* Under that standard, a petitioner must show "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* (citation omitted).

Regarding withholding of removal, the BIA determined that Arteaga established membership in a cognizable particular social group: a transgender woman in the LGBTQ+ community. Arteaga maintains: the evidence established a pattern or practice of persecution in Mexico against members of the LGBTQ+ community; the Mexican government is unable or unwilling to control the persecutors; and internal relocation within Mexico to avoid future persecution was not reasonable.

As an initial matter, Arteaga's assertion that the Government had the burden on the internal-relocation issue was not exhausted because the scattered statements in Arteaga's BIA brief were insufficient to place the BIA on notice of such an assertion. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) ("[Petitioners] did not present these arguments to the BIA".); 8 U.S.C. § 1252(d)(1) (allowing review only if "the alien has exhausted all administrative remedies available to the alien as of right"). Because the Government objected to the contention as unexhausted, we do not consider it here. *E.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023) (declining to reach unexhausted issue).

As the IJ found, the evidence on this issue is "multifaceted"; the finding that Arteaga failed to sufficiently show why internal relocation would be unreasonable is supported by substantial evidence. Arteaga's challenges,

at best, show the evidence *might* support a contrary conclusion. *See Revencu*, 895 F.3d at 401 ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration in original) (citation omitted)). As reflected *supra*, the substantial-evidence standard is highly deferential; the evidence does not *compel* Arteaga's asserted finding regarding internal relocation. *See id.*

Because the BIA's determination regarding internal relocation is supported by substantial evidence and dispositive with respect to withholding of removal, we need not address Arteaga's other assertions for that claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Regarding CAT relief, an applicant must show he or she will more likely than not suffer torture inflicted or instigated by, or with the consent or acquiescence of, a public official or other person acting in an official capacity. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019) (outlining standard). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (citation omitted).

Arteaga notes the evidence includes an expert opinion that Arteaga had "a greater than 50% chance of being physically assaulted, sexually assaulted, tortured or murdered in Mexico". As the Government points out, however, this statement combined forms of torture with harm that does not necessarily rise to the level of torture, such as minor physical assaults. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). Arteaga also

No. 23-60225

maintains that homicides and other violence against transgender individuals are endemic in Mexico and the Mexican government is involved in or acquiesces to torture of transgender individuals because the police and military target transgender women or otherwise are willfully blind to the torture.

As with the withholding-of-removal claim, the evidence relating to protection under the CAT is multifaceted. Again, reversal under the substantial-evidence standard is improper unless the evidence not only supports a contrary conclusion, but *compels* it. *See Revencu*, 895 F.3d at 401. Arteaga has not met that very demanding standard. *See id.*

DENIED.

**Certified as a true copy and issued**
**as the mandate on Apr 29, 2024**

**Attest:** *Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**