# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-60488
Summary Calendar

———————————

Delsi Maydaly Portillo-Sagastume; Victor Andre
Artola-Portillo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 433 173,
A209 433 174

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Delsi Maydaly Portillo-Sagastume, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the Immigration Judge's (IJ) ordering her removed and denying her application for asylum, withholding of removal, and protection

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under the Convention Against Torture (CAT). (Victor Andre Artola-Portillo is Portillo's minor child and a beneficiary on her application for relief.)

Review of the denial of asylum, withholding, and CAT claims is for substantial evidence. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (emphasis in original) (citation omitted). Portillo fails to meet this standard.

An applicant seeking asylum or withholding must show officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group (PSG). *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401–02, 406–07 (5th Cir. 2021). For her asylum and withholding challenge, she fails to show evidence compelling a conclusion contrary to the BIA's: she failed to show a nexus between her proposed PSG ("Guatemalan women") and the past abuse she suffered by her boyfriend. *See id.* at 403 ("[M]embership in a particular social group . . . must be at least one central reason for persecuting [her]". (third alteration in original) (citation omitted)); *Martinez-De Umana v. Garland*, 82 F.4th 303, 312–13 (5th Cir. 2023) ("[Petitioner] is ineligible for immigration relief in the form of asylum because [she] has failed to show the requisite nexus between the harm she claims she suffered and feared in El Salvador and a protected statutory ground".).

Additionally, her well-founded-fear-of-future-persecution challenge fails because she cites nothing compelling a conclusion contrary to the BIA's: she failed to show officials could not, or would not, help her. *See Jaco*, 24 F.4th at 406–07; *Sanchez-Amador v. Garland*, 30 F.4th 529, 534 (5th Cir. 2022) ("[O]ne would be hard-pressed to find that the authorities were unable or unwilling to help her if she never gave them the opportunity to do so".).

Because Portillo fails to show evidence compelling a conclusion contrary to the BIA's, we need not consider her remaining contentions related to those forms of relief. *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) (declining to discuss additional assertions because lack of cognizable PSG was essential for asylum and withholding); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) ("Withholding of removal is a higher standard than asylum. Since [applicant] does not meet the bar for asylum, he also does not meet the standard for withholding of deportation.").

Finally, as Respondent asserts, Portillo's challenge to the BIA's rejection of her CAT claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right".). The exhaustion requirement "is a non-jurisdictional [claim-processing] rule". *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). Our court has enforced this claim-processing rule where, as here, it was raised by Respondent. *E.g.*, *Munoz-De Zelaya*, 80 F.4th at 694; *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). Accordingly, we decline to consider Portillo's unexhausted CAT-relief claim.

DENIED.