# United States Court of Appeals
# for the Fifth Circuit

―――――――

No. 24-60054
Summary Calendar

―――――――

WALTER DE LOS ANGELES PORTILLO-JANDRES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 842 385

―――――――――――――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2024

Lyle W. Cayce
Clerk

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Walter De Los Angeles Portillo-Jandres, a native and citizen of El Salvador, petitions for review the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision and consider the decision of the immigration judge (IJ) only

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

to the extent it influenced the BIA. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020). Constitutional claims and questions of law are reviewed de novo, and factual findings are reviewed under the substantial evidence standard. *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2021).

According to Portillo-Jandres, his right to due process was violated when the BIA refused to remand the case a second time despite the IJ's exhibition of bias against him during the first remand. The BIA granted the first remand due to the inadvertent disclosure of Portillo-Jandres's personally identifiable information (PII) on the public website of Immigration and Customs Enforcement.

While the IJ expressed frustration that Portillo-Jandres's supplemental evidence on remand pertained to his original claims and was unrelated to the PII disclosure, the IJ did as Portillo-Jandres asked, in admitting his supplemental evidence and issuing another decision that took into the account that evidence and the prior evidence. Additionally, an IJ's statistical rate of denial in asylum cases at most provides a "crude summation" of aggregated decisions in prior cases and cannot itself demonstrate bias in a particular case. *Singh v. Garland*, 20 F.4th 1049, 1055 (5th Cir. 2021). Portillo-Jandres has not shown that fair judgment was impossible or that the IJ's conduct otherwise met the standard for a due process violation based on bias. *See Wang v. Holder*, 569 F.3d 531, 540-41 (5th Cir. 2009).

Portillo-Jandres also challenges the agency's adverse credibility finding. His claims of asylum and withholding of removal were based on the protected grounds of religion and membership in a particular social group (PSG). We need not reach his challenge to the adverse credibility finding because he does not brief any argument contesting the agency's alternative

determinations that he did not present a cognizable PSG and did not show that any past or feared future persecution was or will be on account of religion. By failing to brief those issues, he has waived them. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023). Although he additionally contends that the IJ failed to consider the increased risk of harm to him in El Salvador caused by the inadvertent PII disclosure, the contention is unavailing because he makes no argument that any such increased risk of harm would have the requisite nexus to religion or a cognizable PSG. His failure to demonstrate the requisite nexus between the alleged persecution and a protected ground is dispositive for his claims of asylum and withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

Lastly, the BIA determined that Portillo-Jandres waived the issue of protection under the CAT because he failed to address that claim in the BIA. In this court, he does not brief any argument challenging the BIA's waiver ruling. *See Medina Carreon*, 71 F.4th at 255. Thus, the petition for review is also denied regarding the CAT.

For the foregoing reasons, the petition for review is DENIED.