# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60475
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2025

Lyle W. Cayce
Clerk

EYDI YANORI VILLANUEVA-CARIAS,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 442 785

———————————————————————

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Eydi Yanori Villanueva-Carias, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an immigration judge's (IJ) ordering removal and denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60475

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Villanueva has not met this standard.

One who seeks asylum or withholding of removal must show, *inter alia*, that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401–02 (5th Cir. 2021). If petitioner cannot show past persecution, she must show a well-founded fear of future persecution by demonstrating "a subjective fear of persecution, and that fear must be objectively reasonable". *Chen*, 470 F.3d at 1135 (citation omitted). If she fails to establish any of the elements of asylum or withholding, her claim fails, and the court need not consider her contentions concerning the remaining elements. *E.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

The BIA did not err in determining Villanueva had failed to show past persecution. *E.g.*, *Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020) (describing past-persecution requirement). Although she contends her alleged persecutor followed her in his vehicle after she testified against him in court, she does not dispute that: she was never contacted by him; she was

never physically harmed; she never received any threats; and he did not attempt to locate her after she left Honduras in 2016. *See Argueta-Hernandez v. Garland*, 87 F.4th 698, 707–08 (5th Cir. 2023) (concluding threats against family members must be coupled with threats directly to petitioner to support a finding of past persecution, and harm including "approximately five phone threats, surveillance, and an incident where a gang hitman followed [petitioner's] son" did not constitute persecution).

Moreover, Villanueva did not exhaust before the BIA her contention that the IJ erred by "mischaracteriz[ing]" her testimony that she was followed from her children's grandmother's house. *See* 8 U.S.C. § 1252(d)(1). Because the Government raises the failure to exhaust with respect to this issue, our court will enforce this claim-processing rule and decline to consider this claim. *See Munoz-De Zelaya*, 80 F.4th at 694 (declining to reach unexhausted claims); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

Concerning future persecution *vel non*, the IJ concluded Villanueva had not shown she could not avoid such persecution by relocating within Honduras; and the BIA concluded she had waived any challenge to this determination by failing to "meaningfully dispute[]" (*i.e.*, adequately brief) it. She fails to address this conclusion and thus abandons any claim she may have had. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 (5th Cir. 2022).

Because she shows no error in connection with the BIA's persecution determinations, and because persecution is an essential element of asylum and withholding claims, she likewise shows no error in connection with the BIA's rejection of these claims. Accordingly, there is no need to consider her remaining contentions concerning them. *See Jaco*, 24 F.4th at 401–02 (outlining elements); *Munoz-De Zelaya*, 80 F.4th at 693–94.

No. 24-60475

Finally, Villanueva ignores the BIA's conclusion that she abandoned any challenge to the IJ's rejection of her CAT claim by failing to brief it. Accordingly, she abandons any challenge she may have had to this conclusion. *See Lopez-Perez*, 35 F.4th at 957 n.1.

DENIED.