# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60488
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2025

Lyle W. Cayce
Clerk

Brayan Omar Reyes-Ortiz,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 816 759

————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Brayan Omar Reyes-Ortiz, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's (IJ's) denial of, *inter alia*, asylum and withholding of removal.

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60488

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo. Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Reyes has not met this standard.

Reyes based his asylum and withholding-of-removal claims on the protected ground of membership in a particular social group (PSG). *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards). He fails to show error in the BIA's conclusion that his family-based PSG—the "Reyes-Ortiz family"—lacked social distinction. *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 462–64 (5th Cir. 2023) ("Applicants for asylum or withholding of removal may not merely propose a family-based PSG without evidence of society's perception of the family in question.") (quote on 464). He likewise fails to show error in the BIA's conclusion that the PSG at issue was insufficiently particularized. *See id.* at 461.

Because the failure to establish a cognizable PSG is dispositive of his asylum and withholding-of-removal claims, our court need not consider his remaining contention regarding the nexus requirement. *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) (citations omitted) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

No. 24-60488

We decline to consider his contentions concerning new PSGs, whether his PSG should have been considered in the light of certain aspects of Honduran culture, and whether the IJ should have further developed the record because, as relied upon by Respondent, these contentions are raised for the first time before this court and are, therefore, not exhausted. *See Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

DENIED.