# United States Court of Appeals for the Fifth Circuit

No. 24-60652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

Edgar Yovani Luna-Hernandez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 832 176

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Edgar Yovani Luna-Hernandez, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). He asserts the BIA erred by:  concluding his asserted particular social group (PSG) is

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not cognizable; not making a finding whether the harm he experienced amounted to past persecution; and adopting the IJ's finding he would likely not face torture upon return to Mexico. For the following reasons, his contentions are without merit.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

The BIA concluded Luna's PSG ("Mexican men believed to be members of a rival cartel") lacked the requisite particularity and social distinction. *See Orellana-Monson*, 685 F.3d at 518–19 (requiring PSG be immutable, particular, and socially distinct for cognizability). Determinations concerning whether a PSG is cognizable are subject to substantial-evidence review. *E.g.*, *Contarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019) (holding "although the cognizability of a PSG presents a legal question, its answer indisputably turns on findings of fact"). He disputes the BIA's findings but cites no legal authority in support of his proposed PSG; nor do the facts regarding the BIA's social-distinction determination compel a contrary conclusion. *See id.*

Regarding Luna's contending the BIA erred by not making a finding on whether past harms he suffered constitute persecution, the BIA rejected his withholding claim because, as discussed, it concluded his PSG was not

cognizable. Accordingly, the BIA was not required to address additional issues related to his withholding claim. *Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

With respect to his CAT claim, whether Luna is more likely than not to be tortured upon return to Mexico is a factual question reviewed for substantial evidence. *E.g.*, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006). The BIA affirmed the IJ's finding Luna could avoid future harm in Mexico by relocating. In any event, the BIA determined he waived any challenge to this finding by failing to contest it in his briefing to the BIA. As the Government correctly contends, the issue is unexhausted. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023). Accordingly, we decline to review. *See id.*

DENIED.