# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

No. 25-60189
Summary Calendar

———————

Milagro Del Rosario Salmeron-De Martinez;
Brizeyda Esmeralda Martinez-Salmeron;
Jennifer Yasmin Martinez-Salmeron;
Keysi Yamileth Martinez-Salmeron,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency Nos. A202 028 499, A202 028 606,
A202 028 607, A202 028 608

———————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Milagro Salmeron-De Martinez, Brizeyda Martinez-Salmeron, Jennifer Martinez-Salmeron, and Keysi Martinez-Salmeron, natives and citizens of El Salvador, petition for review of the decision of the Board of Immigration

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60189

Appeals ("BIA") upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA adopts and affirms the decision of the immigration judge ("I.J.") and adds further reasoning, we may review the decisions of both the BIA and the I.J. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Regarding asylum and withholding of removal, the BIA determined that petitioners forfeited the issue of nexus on appeal by failing to challenge the I.J.'s findings about the alleged persecutors' motivations. In this court, petitioners do not brief any argument disputing that they failed to contest the issue in the BIA or that the BIA erred in deeming the issue forfeited. Petitioners have thus forfeited a challenge to the BIA's forfeiture ruling. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023); *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 & n.13 (5th Cir. 2020). Forfeiture of the issue of nexus is dispositive of the claims of asylum and withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

Additionally, the petitioners do not brief any argument challenging the denial of protection under the CAT. Thus, they also have forfeited that issue. *See Medina Carreon*, 71 F.4th at 255. Lastly, the government is correct that the petitioners did not exhaust their current argument that the I.J. failed adequately to develop the record in the removal proceedings. Accordingly, we do not consider that argument here. *See* 8 U.S.C. § 1252(d)(1); *Medina Carreon*, 71 F.4th at 257.

The petition for review is DENIED.