# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60363
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2026

Lyle W. Cayce
Clerk

Rosa Isela Santos-Aguiriano,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 729 128

————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Rosa Isela Santos-Aguiriano, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's (IJ) denying her application for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and her motion for continuance.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60363

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Santos contends the BIA erred in concluding she was ineligible for asylum and withholding of removal. She asserts she suffered persecution and harm because of her membership in a particular social group: Honduran women and girls at risk of sexual assault. Because she does not dispute the BIA's concluding her failure to brief the issue constituted waiver, we will not consider it. *See Sanchez-Amador v. Garland*, 30 F.4th 529, 531 n.1 (5th Cir. 2022) (noting contentions not raised in petition are abandoned). Similarly, the Government is correct that her nexus contention is unexhausted because she failed to raise it at the BIA. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023) (stating issues are unexhausted if not presented before BIA and Government raises exhaustion). (Along that line, no reply brief was filed to respond to the Government's position regarding exhaustion.)

Santos also contends the BIA erred in concluding she was not entitled to CAT protection based on her failure to report her harm to authorities. To prevail, she must show, *inter alia*, she more likely than not would be tortured with government consent or acquiescence if repatriated. *See Morales-Morales v. Barr*, 933 F.3d 456, 464 (5th Cir. 2019). She does not show the evidence compels a conclusion contrary to that of the BIA. *See Chen*, 470 F.3d at 1134; *see also Sanchez-Amador*, 30 F.4th at 534 (stating "one would be hard-pressed

2

No. 25-60363

to find that the authorities were unable or unwilling to help [petitioner] if she never gave them the opportunity to do so").

Finally, Santos asserts the BIA erred in affirming the IJ's denying her continuance motion. We lack jurisdiction to consider this assertion. *See Ikome v. Bondi*, 128 F.4th 684, 689–90 (5th Cir. 2025), *cert. denied*, 2025 WL 3506992 (U.S. 8 Dec. 2025) (No. 25-117) (holding court lacks jurisdiction to consider IJ's continuance determination because "it does not involve a reviewable application of a legal standard") (quote at 690).

DENIED in part; DISMISSED in part for lack of jurisdiction.