# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-60306
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2026

Lyle W. Cayce
Clerk

Amoritpal Singh,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 748 032

———————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Amoritpal Singh, a native and citizen of India and proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) upholding an Immigration Judge's (IJ) denying him asylum and protection under the Convention Against Torture (CAT). He asserts the BIA erred by: concluding he was ineligible for asylum; denying him protection under CAT;

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and concluding the IJ gave him a full and fair hearing. (Singh does not contest the BIA's denying his application for withholding of removal.)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). For Singh's asylum claim on persecution grounds, we "review the entirety of the [BIA]'s conclusions—both the underlying factual findings and the application of the [law] to those findings—for substantial evidence". *Urias-Orellana v. Bondi*, No. 24-777, 2026 WL 598435, at *5 (U.S. 4 March 2026). Regarding his eligibility for relief under CAT, the BIA's factual findings are reviewed for substantial evidence; its legal conclusions *de novo*. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under both standards of review, our court will not disturb the BIA's decision unless the evidence "*compel*[*s*]" a contrary conclusion. *Urias-Orellana*, 2026 WL 598435, at *5 (citation omitted) (emphasis added); *see, e.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

Singh asserts entitlement to asylum because he: suffered past persecution based on his political opinion and affiliation; and showed an objectively reasonable fear of future persecution.

As for past persecution, he contends the Bharatiya Janata Party's (BJP) attacking him in the past shows sufficient harm. His assertion is without merit because he fails to show: the past harm he suffered rose to an extreme level of conduct; and the Indian government was unwilling to or unable to protect him. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding harassment, mere threats, and minor violence do not qualify as past persecution); *Singh v. Whitaker*, 751 F. App'x 565, 567 (5th Cir. 2019) ("[The] bare assertion that the BJP controlled all of India as the country's ruling party is insufficient to demonstrate that the government was the persecutor or sponsored the persecution"). Similarly, he has not shown the

record compels a conclusion contrary to the BIA's concluding he failed to show a well-founded fear of future persecution. *See Zhao v. Gonzales*, 404 F.3d 295, 307–08 (5th Cir. 2005).

For his second contention, Singh maintains the BIA lacked substantial evidence to support the denial of CAT protection. He abandons this challenge by failing to address the BIA's reasons for its concluding he was ineligible for such relief. *See Jaco v. Garland*, 24 F.4th 395, 401 n.1. (5th Cir. 2021).

Finally, Singh also contends the IJ violated his due-process rights by not affording him a full and fair hearing after the BIA remanded the case. Because he failed to exhaust that assertion before the BIA—and the Government raises exhaustion—we will not consider it. *See* 8 U.S.C. § 1252(d)(1) (requiring "alien . . . exhaust[] all administrative remedies"); *Medina Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023) (declining to consider unexhausted assertion when Government raises exhaustion).

DENIED.