# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60463
Summary Calendar

———————

MOHAMMED IBRAHIM,

*Petitioner*,

*versus*

TODD WALLACE BLANCHE, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A221 153 628

———————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

Mohammed Ibrahim, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) finding him not credible, ordering him removed, and denying his claims for asylum,

———————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

withholding of removal, and protection under the Convention Against Torture (CAT).

We review factual findings, including credibility determinations and the determination that an alien is not eligible for asylum, withholding of removal, or CAT relief, under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

First, Ibrahim challenges the agency's consideration of his credible fear interview document. He fails to show that the document was unreliable, and thus the agency did not err in considering it in evaluating his credibility. *See Avelar-Oliva*, 954 F.3d at 765; *Singh v. Sessions*, 880 F.3d 220, 226 (5th Cir. 2018).

Next, he argues that the BIA erred in affirming the IJ's adverse credibility finding. The adverse credibility determination was supported by specific and cogent reasons based on the record, and Ibrahim fails to show that the evidence compels a contrary conclusion. *See Avelar-Oliva*, 954 F.3d at 763. Further, his argument that the IJ was required to confront him about discrepancies that were not "clear on the face of the record" is unavailing. *See Nkenglefac v. Garland*, 34 F.4th 422, 429 (5th Cir. 2022). He also argues that it was improper for the agency to find him not credible based on his mother's medical record. However, because he did not exhaust this argument before the BIA, we will not consider it. *See* 8 U.S.C. § 1252(d)(1); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

The adverse credibility determination is dispositive of asylum and withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). We therefore will not address Ibrahim's argument that the BIA erred in determining that he waived any challenge to the IJ's denial of those forms of

relief based on the adverse credibility finding.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Lastly, Ibrahim contests the denial of his claim for CAT protection, but he fails to show that the evidence compels a conclusion contrary to that of the BIA on the issue whether he established eligibility for such relief.  *See Arulnanthy*, 17 F.4th at 597-98; *Zhang*, 432 F.3d at 344.

The petition for review is DENIED.