# United States Court of Appeals
## for the Fifth Circuit

———————

No. 25-60451
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2026

Lyle W. Cayce
Clerk

Nanci Tatiana Diaz-Guevara,

*Petitioner*,

*versus*

Todd Wallace Blanche, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 479 015

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Diaz-Guevara is a native and citizen of El Salvador. An Immigration Judge denied her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and ultimately ordered her removal. The Board of Immigration Appeals (BIA) dismissed her appeal. Diaz-Guevara now seeks our review.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60451

We decline to consider her unexhausted claims concerning a presidential executive order and humanitarian asylum because, as Respondent points out, she did not present them to the BIA. *See Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023); 8 U.S.C. § 1252(d)(1).

As to Diaz-Guevara's challenges to the rejection of her asylum and withholding claims, she cites nothing that "compels" a conclusion contrary to that of the BIA regarding whether she showed past persecution or had an objectively reasonable fear of future persecution. *See Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005). Instead of identifying specific evidence, she asserts only that she "established past persecution and also possesses a well-founded fear of persecution." That is insufficient. *See id.* at 344 ("[R]eversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." (emphasis in original) (internal quotation omitted)). Her CAT claim fails for the same reason: she has not shown that she will more likely than not be tortured with official acquiescence if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

The petition for review is DENIED.