# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2024

Lyle W. Cayce
Clerk

———————

No. 24-60034
Summary Calendar

———————

Fredy Alexander Herrera-Cuyuch,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 131 247

———————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Fredy Alexander Herrera-Cuyuch, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60034

The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed for substantial evidence. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Id.* (emphasis in original) (citation omitted). Because the BIA adopted and affirmed the immigration judge's decision, we review both decisions. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Regarding asylum and withholding of removal, Herrera asserted persecution by a gang on account of his membership in a particular social group (PSG). *See, e.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards). Four of his proposed PSGs—"family members of former gang members", "Guatemalan men who refuse to support gangs", "Guatemalan men who refuse to submit to gang authority", and "Guatemalan men perceived to encourage public opposition to criminal gangs by refusing to submit to the gangs' authority"—are similar to those considered in *Orellana-Monson v. Holder*, 685 F.3d 511, 516, 521–22 (5th Cir. 2012). As in *Orellana-Monson*, the BIA did not reversibly err in determining the proposed PSGs failed to meet the requirements of particularity or social distinction. *See id.*; *Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020) (rejecting similar PSG).

Herrera fails to adequately brief, and therefore forfeits, his challenge to the BIA's rejection of his remaining proposed PSG—"the Herrera-Cuyuch family"—as he does not explain how the family is perceived within Guatemalan society. *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 464 (5th Cir. 2023) ("Applicants for asylum or withholding of removal may not merely propose a family-based PSG without evidence of society's perception of the family in question."); *Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir.

2023) ("[W]e do not consider the merits because [petitioner] failed to brief the issue adequately".).

The failure to establish a cognizable PSG is dispositive of his asylum and withholding-of-removal claims. *E.g.*, *Orellana-Monson*, 685 F.3d at 522. Along that line, his contention that withholding of removal has a less demanding standard than asylum for meeting the nexus requirement is foreclosed, as he concedes. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021) (rejecting similar contention). He instead raises the issue to preserve it for possible further review.

To obtain CAT relief, Herrera must show that, in the proposed country of removal, it is more likely than not that he will be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. *E.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). The evidence at hand does not compel a conclusion contrary to the BIA's, that Herrera failed to show the requisite state involvement in any torture he might suffer in Guatemala. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (explaining generalized information in country reports was insufficient to satisfy burden); *Martinez Manzanares*, 925 F.3d at 229 (recognizing "a government's inability to protect its citizens does not amount to acquiescence" (citation omitted)).

DENIED.