# United States Court of Appeals for the Fifth Circuit

---

No. 24-60162
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

Mohammad Nur Nabi Chawdhury,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 397 517

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Mohammad Nur Nabi Chawdhury, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The immigration judge (IJ) found that he was not credible and that the documentary evidence did not

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

independently establish his eligibility for relief. The BIA adopted and affirmed those determinations.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020). Factual findings, including credibility determinations, are reviewed under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). The agency's factual determination that an alien is not eligible for asylum, withholding of removal, or protection under the CAT also is reviewed under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Nabi Chawdhury's hearing testimony indicated that an incident on March 3, 2023, was pivotal to his decision to leave Bangladesh because it showed that his relocation within Bangladesh did not prevent or deter members of the Awami League from continuing to target him. His original written personal statement made no mention of that incident, however. That omission constitutes substantial evidence supporting the adverse credibility determination. *See Avelar-Oliva*, 954 F.3d at 767-68. Even if his explanation for the omission and the update to his personal statement were plausible, the IJ was not required to accept his explanation given other permissible views of the evidence. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020).

The adverse credibility determination also was based on Nabi Chawdhury's demeanor. The IJ found that his testimony was "consistent with memorization of a rehearsed script" and lacked any emotion. This court generally defers to an IJ's perception of demeanor, and Nabi Chawdhury has not shown that the finding on his demeanor should be set aside. *See Wang v. Holder*, 569 F.3d 531, 539-40 (5th Cir. 2009). The adverse credibility determination was supported by specific and cogent reasons based on the record, and Nabi Chawdhury fails to show that the evidence compels a

contrary conclusion under the totality of the circumstances. *See Avelar-Oliva*, 954 F.3d at 767-68; *Wang*, 569 F.3d at 539-40.

He alternatively argues that his evidence on country conditions independently established his eligibility for relief from removal. He does not brief, and has thus waived, any argument contesting the agency's findings that the affidavits and letters by the individuals in Bangladesh were entitled to no weight and that the medical records he filed did not conclusively establish why he was injured. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023) (recognizing that petitioners waive arguments that they do not brief). The evidence on country conditions fails to prove factually that Nabi Chawdhury was a member of Liberal Democratic Party or otherwise had an actual or imputed political opinion that would support a well-founded fear of persecution as to asylum, or a clear probability of persecution as to withholding of removal. Accordingly, the adverse credibility determination is fatal to those forms of relief. *See Santos-Alvarado*, 967 F.3d at 436; *Zhang*, 432 F.3d at 345.

A claim under the CAT is distinct from claims for asylum and withholding of removal and should be analyzed separately. *Santos-Alvarado*, 967 F.3d at 436. To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that he would be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Without credible testimony by Nabi Chawdhury or other evidence establishing his political affiliation or activity, the evidence of country conditions is too general to compel the conclusion that he in particular will more likely than not be targeted for torture in Bangladesh. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

The petition for review is DENIED.