# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2024

Lyle W. Cayce
Clerk

No. 24-60294
Summary Calendar

———————————

Alison Nicoll Alvarez-Rapalo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 936 584

———————————————————————

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Alison Nicoll Alvarez-Rapalo, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60294

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id*. at 517. We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). The determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is a factual finding that this court reviews for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

As an initial matter, Alvarez-Rapalo's argument that she is entitled to withholding of removal on account of an imputed political opinion was not presented to the BIA and thus is unexhausted. *See* 8 U.S.C. § 1252(d)(1). Because the Government raises exhaustion, we will enforce this claim-processing rule and decline to consider the claim. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Alvarez-Rapalo argues that she is entitled to asylum and withholding of removal based on her membership in the particular social group (PSG) of "[w]omen fleeing domestic violence seen as property of men in Honduras." The Government argues that Alvarez-Rapalo abandoned her issues regarding the denial of asylum and withholding of removal by failing to advance an argument challenging the BIA's dispositive no-nexus determination. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In any event, substantial evidence supports that Alvarez-Rapalo failed to demonstrate the requisite nexus. *See Orellana-Monson*, 685 F.3d at 517–18. The record reflects that her abuser had criminal intentions and personal motives—such as his jealousy of another man and vendetta against her for ending their relationship—for abusing and harassing her. We have upheld the denial of asylum where the applicant demonstrated "purely personal" motives. *Thuri v. Ashcroft*, 380 F.3d 788,

2

793 (5th Cir. 2004). In addition, conduct motivated by criminal intentions does not constitute persecution on account of a protected ground. *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023). Alvarez-Rapalo has not shown that the evidence compels the conclusion that her membership in a PSG was or will be a central reason for her abuser's actions against her. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Chen*, 470 F.3d at 1134. Because her failure to demonstrate the requisite nexus is dispositive, Alvarez-Rapalo cannot show that she is eligible for asylum or withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Next, to obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, she more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Alvarez-Rapalo contends that the Honduran authorities "repeatedly refused to assist [her]." She asserts that the country conditions evidence she provided support her contentions.

The government's failure to apprehend Alvarez-Rapalo's abuser does not "constitute sufficient state action for purposes" of the CAT. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). In addition, "potential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence." *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Further, even if the steps taken by the Honduran government have not been effective in eradicating violence against women, "a government's inability to protect its citizens does not amount to acquiescence." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019); *see also Chen*, 470 F.3d at 1142 (explaining that "[t]he government's inability to

provide 'complete security' to the petitioner from [private actors] did not rise to the level of state action" required under the CAT). Accordingly, Alvarez-Rapalo has not shown that evidence compels the conclusion that the Honduran government would acquiesce to her torture. *See Martinez Manzanares*, 925 F.3d at 228; *Chen*, 470 F.3d at 1134.

The petition for review is DENIED.