# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2024

Lyle W. Cayce
Clerk

No. 22-60108
Summary Calendar

---

Melina Darzzete Guillen-Perez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 896 120

---

ON REMAND FROM THE UNITED STATES
SUPREME COURT

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

The Supreme Court vacated two prior opinions in this case and remanded for further consideration in light of first, *Santos-Zacaria v. Garland*, 598 U.S. 411, 143 S.Ct. 1103(2023), and then *Wilkinson v. Garland*. 601 U.S. 209, 144 S. Ct. 780 (2024). Now reaching the merits on the principal issue, we again deny the petition for review.

Melina Guillen-Perez, a native and citizen of Mexico, entered the United States in 2004. The Department of Homeland Security charged her in 2016 with removability on the ground that she was present without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Guillen-Perez appeared before an immigration judge ("IJ"), admitted the allegations, and conceded removability. She then applied for cancellation of removal and, in the alternative, voluntary departure.[1]

Following a hearing on the merits, the IJ held that Guillen-Perez did not qualify for cancellation of removal because she had not demonstrated that her removal would cause exceptional and extremely unusual hardship to her United States citizen child, Karla. The IJ granted Guillen-Perez's alternative request for voluntary departure. Guillen-Perez appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion. She filed a timely petition for review, challenging the IJ's and BIA's hardship determination.

When the BIA affirms the IJ without opinion, as it did here, this court reviews the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Guillen-Perez also sought withholding of removal and protection under the Convention Against Torture, but she withdrew that application at the merits hearing.

2003). In order to be eligible for cancellation of removal under § 1229b(b)(1), an applicant must demonstrate, inter alia, "that removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Under 8 U.S.C. § 1252(a)(2)(B), this court is prohibited from reviewing "any judgment regarding the granting of relief under section . . . 1229b." However, nothing in the statute "shall be construed as precluding review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). In *Wilkinson*, the Supreme Court held that the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under § 1252(a)(2)(D). 601 U.S. at 217, 144 S. Ct. at 777–78.

Even so, the IJ's factual determinations are not subject to review. *Id.* at 225, 144 S. Ct. at 792. And its determination of whether facts meet the requirements of § 1229b(b)(1) is subject to a "deferential standard of review." *Id.* at 222, 144 S. Ct. at 790.

Guillen-Perez has one qualifying relative, her daughter Karla. The IJ determined that Guillen-Perez had not proven that her removal to Mexico would result in exceptional and extremely unusual hardship to her daughter. The hardship must be "substantially different from, or beyond, that which would normally be expected from the deportation of a close family member." *Wilkinson*, 601 U.S. at 222, 144 S. Ct. at 790 (quotation marks and citation omitted). The IJ did not err when it concluded that the hardship Karla would experience from her mother's removal did not meet this standard.

The IJ made six findings to support its determination. First, the IJ found that Karla would join her mother and return to Mexico while her father would remain in the United States. While separation from her father would cause hardship, the IJ determined that is "the normal hardship resulting from

her mother's removal[.]"  Second, Karla was diagnosed with leukemia in 2006, treated in 2009, and had been in remission for nearly ten years by the time of the hearing.  The IJ determined that the record did not establish any indication the leukemia will return, nor did Guillen-Perez show that Karla could not receive necessary yearly check-ups by an appropriate physician in Mexico.  Third, Karla would face hardship adjusting to life in Mexico after living entirely in the United States, but the IJ determined that no evidence suggested that Karla "would not be able to adjust to living in Mexico" or "be unable to live well in Mexico" supported by her mother and sister.  Fourth, the IJ determined that there had been no showing that Guillen-Perez could not use her United States employment experience to obtain employment in Mexico to support her daughters.  Fifth, there had been no showing that Guillen-Perez's husband would not continue to work in the United States and send money to Mexico for support or, if he is removed to Mexico, live with and support their family.  Sixth, the IJ determined that, although there may be some difficulty for Karla to "transition to schooling in Mexico," Karla "speaks the Spanish language" and could continue and complete her education there.  The IJ considered "all of the hardship . . . in the aggregate" and concluded that Guillen-Perez's removal would not result in exceptional and extremely unusual hardship to her daughter Karla.

The IJ did not err in denying Guillen-Perez's application.  The "extreme hardship" threshold is construed narrowly and the IJ's determination is subject to a deferential standard of review. *See INS v. Wang*, 450 U.S. 139, 145, 101 S. Ct. 1027, 1031 (1981); *Wilkinson*, 601 U.S. at 222, 144 S. Ct. at 790.  And the IJ's underlying findings of fact are not subject to judicial review.  *Id.* at 225, 144 S. Ct. at 792.  The IJ's unreviewable underlying factual findings include its determination regarding the adequacy of medical care in Mexico and Karla's recovery, Karla's ability to "live well" in Mexico and adjust to life there, Guillen-Perez's employment opportunities

in Mexico to support Karla, the receipt of money and support from Guillen-Perez's husband, and Karla's ability to continue schooling in Mexico. *See Sustaita-Cordova v. Garland*, 120 F.4th 511, 518–19 (5th Cir. 2024). The IJ did not err in making its only relevant underlying determination not based in fact, that Karla's separation from her father falls within the normal level of hardship resulting from her mother's removal. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64–65 (B.I.A. 2001).

The underlying evidence utilized by the IJ in making its decision consists of either unreviewable factual findings or findings that do not support a determination of hardship "that is substantially beyond that which would ordinarily be expected to result from departure." *See In re Gonzales Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002). And notwithstanding Guillen-Perez's argument to the contrary, the IJ opinion explicitly notes its consideration of, and the IJ in fact did consider, "all of the hardship to [Guillen-Perez's] daughter Karla in the aggregate[.]" Based on the IJ's factual findings, and under our "deferential" review, the agency did not err in denying cancellation of removal based on Guillen-Perez's failure to establish that her removal "would result in exceptional and extremely unusual hardship" to Karla. *See Sustaita-Cordova*, 120 F.4th at 518–19 (quoting 8 U.S.C. § 1229b(b)(1)(D)).

Guillen-Perez also argues that the IJ violated her due process rights by (a) failing to appropriately weigh the hardship factors, (b) denying her the opportunity to review evidence before the merits hearing, and (c) failing to act as a neutral factfinder. This court retains jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). But Guillen-Perez did not make any due process arguments before the BIA, and so failed to exhaust the issue as required by 8 U.S.C. § 1252(d)(1). The Supreme Court held in *Santos-Zacaria* that failure to exhaust under § 1252(d)(1) is not jurisdictional, contrary to the

5

prior caselaw of this circuit. 598 U.S. at 416, 143 S. Ct. at 1111. But the fact remains that Guillen-Perez failed to exhaust alleged due process issues, and the Government identified this failure in its brief on appeal. "We . . . therefore decline to reach" the due process issue. *Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

The petition for review is DENIED.