# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60259
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2025

Lyle W. Cayce
Clerk

Karla Melissa Estrada-Espinoza,

*Petitioner*,

*versus*

James R. McHenry, III, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 417 557

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Karla Melissa Estrada-Espinoza, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Estrada raises several issues in her petition, discussed *infra*.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60259

Our court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Review of legal conclusions is *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

As an initial matter, Estrada did not exhaust her claims that she had a well-founded fear of persecution, and that her feared persecution was on account of an imputed political opinion. *See* 8 U.S.C. § 1252(d)(1). Because the Government raises this failure to exhaust, our court will enforce this claim-processing rule and decline to consider these claims. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) (declining to reach unexhausted claims); *Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Estrada based her asylum and withholding-of-removal claims on the protected ground of membership in a particular social group (PSG). *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards). In her petition for review, Estrada challenges the BIA's rejection of one of her proposed PSGs—"women considered property in Honduras"—which is similar to the PSG considered in *Jaco*. *Id.* at 402 (explaining "Honduran women who are unable to leave their domestic relationships" was not legally cognizable PSG). (Estrada fails to brief, and therefore forfeits, any challenge to the BIA's rejection of her remaining proposed PSGs. *Carreon*, 71 F.4th at 255.)

The BIA did not reversibly err in determining Estrada's proposed PSG at issue did not meet the particularity requirement. *E.g.*, *Cantarero-*

*Lagos v. Barr*, 924 F.3d 145, 150–51 (5th Cir. 2019) ("Honduran women and girls who cannot sever family ties" is "impermissibly overbroad"); *Lopez-Perez v. Garland*, 35 F.4th 953, 958 (5th Cir. 2022) (observing "Salvadoran women who are viewed as property by virtue of their position in a domestic relationship" not legally-cognizable PSG because it was impermissibly circular).

Because the failure to establish a cognizable PSG is dispositive of her asylum and withholding-of-removal claims, our court need not consider her remaining PSG-grounded contentions. *E.g.*, *Munoz-De Zelaya*, 80 F.4th at 694 (citations omitted) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

Estrada's challenge to the denial of her CAT claim is likewise unavailing because she fails to show that she more likely than not will be tortured by, or with the acquiescence of, a government official if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (explaining generalized information describing El Salvador as dangerous for women was insufficient to satisfy burden); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (recognizing "a government's inability to protect its citizens does not amount to acquiescence"); *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) (noting that "potential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence").

DENIED.