# United States Court of Appeals
# for the Fifth Circuit

_____

No. 21-60348
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2025

Lyle W. Cayce
Clerk

Marina Hernandez Gomez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 897 075

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Marina Hernandez Gomez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60348

consider the immigration judge's decision to the extent it influenced the BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Hernandez Gomez's claims of asylum and withholding of removal were based on the protected grounds of political opinion and membership in a particular social group (PSG), namely "Mexican women who have been raped and who refuse to allow themselves to continue to be victims." She does not brief, and therefore has waived, any argument challenging the denial of her claims with regard to political opinion. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023). Additionally, the agency did not err in concluding that her proposed PSG is incognizable, as the group does not exist independently of the alleged harm and therefore is impermissibly defined in a circular manner. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021).

The failure to show that a protected ground was or will be a central reason for the alleged persecution is dispositive of Hernandez Gomez's claims of asylum and withholding of removal. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Cabrera v. Sessions*, 890 F.3d 153, 159-60 (5th Cir. 2018). Accordingly, we need not reach her additional arguments on those claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, she more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz*, 938 F.3d at 225 (internal quotation marks and citation omitted).

No. 21-60348

Substantial evidence supports the agency's determination that Hernandez Gomez failed to show the requisite involvement of state action in any likely torture. *See id.* at 225-26. The evidence does not compel the conclusion that her attacker was involved in the government or acted in any official capacity in Mexico or that there was or would be governmental consent or acquiescence to the harm. While Hernandez Gomez believed her attacker when he stated that he had contacts with the police, she testified ultimately that she did not know his background, his motive, or whether he had such contacts. Additionally, the mere inability of a government "to protect its citizens does not amount to acquiescence." *Martinez Manzanares*, 925 F.3d at 229 (internal quotation marks and citation omitted).

The petition for review is DENIED.