# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60089
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2025

Lyle W. Cayce
Clerk

Ana Jackeline Marquez-Guzman,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 774 539

---

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ana Jackeline Marquez-Guzman, a native and citizen of El Salvador, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ's) denial of asylum and withholding of removal. The BIA's factual determination that an individual is not eligible for asylum or withholding of removal is reviewed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *but see Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017) (stating that the question whether past harm "rises to the level of past-persecution" is a question of law). Under the substantial evidence standard, "[t]he applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134.

Criminals threatened Marquez-Guzman's aunt and uncle that they would harm her if her aunt and uncle did not pay extortion fees. They beat her aunt and uncle on one occasion, which Marquez-Guzman witnessed, and hit her uncle on another occasion. Her aunt and uncle also received many letters demanding money and threatening to take Marquez-Guzman's life if they did not pay.

Marquez-Guzman fails to show that the overall past harm she experienced "reflect[s] the kind of pattern of sustained pursuit that persecution requires." *Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020). The BIA's conclusion is consistent with our jurisprudence. *See*, *e.g.*, *id.* at 395-99 (finding no persecution where the petitioner was subjected to death threats and one beating); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (finding no persecution where the petitioner was subjected to harassment, threats, and minor violence). Moreover, economic extortion is not a recognized form of persecution. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

Insofar as Marquez-Guzman asserts that she suffered mental harm that amounted to persecution, we decline to consider the argument because, as the Government notes, she has not exhausted it. *See Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). Further, the BIA expressly acknowledged that physical harm was not required to establish persecution

and found that the IJ "specifically considered" the criminals' threats and the harm Marquez-Guzman witnessed.

Not having shown any error regarding past persecution, Marquez-Guzman must show that the BIA erred in finding she had no well-founded fear of future persecution. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). Marquez-Guzman does not address the agency's findings. Rather, she asserts that she possessed characteristics of perceived wealth, youth, and vulnerability that her alleged persecutors were aware of and sought to punish. Her argument is nevertheless unavailing.

Even assuming that her alleged persecutors were aware that she possessed the characteristics she asserts would form the basis of persecution, the evidence does not compel the conclusion that her alleged persecutors would have the capability of punishing her or be inclined to punish her. *See Eduard*, 379 F.3d at 191; *Chen*, 470 F.3d at 1134. The unreasonableness of Marquez-Guzman's fear of future persecution is further supported by the record as her aunt and uncle still live in El Salvador, and there is no indication that they experienced further harm after they moved to a different area. *See Eduard*, 379 F.3d at 193. Moreover, her fear of general violence is insufficient to establish a reasonable fear of persecution. *See id.* at 190.

Marquez-Guzman has therefore not shown any error in the denial of her asylum and withholding of removal claims. *See Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petition for review is DENIED.