# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2025

Lyle W. Cayce
Clerk

No. 24-60666
Summary Calendar

———————

Erika J Sierra-Lagos; Jimmy Wualdheim Solorzano-Sierra,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 233 980,
A209 233 981

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Erika J. Sierra-Lagos and her son, Jimmy Wualdhein Solorzano-Sierra, are natives and citizens of Honduras. They petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of asylum, withholding of removal, and protection under the Convention

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60666

Against Torture (CAT).  Solorzano-Sierra was a derivative beneficiary on Sierra-Lagos's asylum application.  Solorzano-Sierra also filed a separate application for asylum, withholding of removal, and CAT protection.  Both petitioners' claims for asylum and withholding of removal were based on the protected ground of membership in a particular social group (PSG).  Solorzano-Sierra also based his asylum and withholding of removal claims on the protected ground of political opinion.

Because the BIA affirmed the decision of the immigration judge (IJ) without opinion, we review the IJ's underlying decision.  *See Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022).

The petitioners do not contest the IJ's determination that Solorzano-Sierra failed to show eligibility for asylum and withholding of removal on account of a political opinion.  Nor do they challenge the IJ's denial of CAT protection.  They have therefore abandoned any challenge to these findings. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petitioners argue that the BIA erred in affirming without opinion the IJ's denial of asylum because the IJ's findings regarding their failure to establish a well-founded fear of future persecution based on their proposed PSGs are not supported by substantial evidence.  They also contend that the IJ erred in denying Solorzano-Sierra's withholding of removal claim because he established past persecution on account of his membership in a cognizable PSG.

The Government arguments include that the petitioners have waived and failed to exhaust any challenge to the IJ's dispositive findings regarding the cognizability of their PSGs.  In challenging the IJ's determination that they failed to establish a cognizable PSG, the petitioners argue only that the IJ erred by not performing a "detailed and specific analysis of [their] facts and circumstances," citing *Matter of A-B-*, 28 I. & N. Dec. 307 (U.S. Att'y

Gen. 2021), and we should remand the case to the IJ. However, while the petitioners noted *Matter of A-B-* as an intervening decision in their brief to the BIA, their challenge to the IJ's cognizability determination concerned only whether a "nuclear family" or a "family unit" could qualify as a cognizable PSG. Thus, their argument was not sufficient to put the BIA on notice of the argument they now raise. *See Ibrahim v. Garland*, 19 F.4th 819, 826 (5th Cir. 2021). Because the Government invokes exhaustion, we decline to consider the claim. *See Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

The petitioners make no other arguments contesting the IJ's determination that they failed to identify a cognizable PSG. A cognizable PSG is an essential element of the petitioners' claims for asylum and withholding of removal, and the petitioners therefore cannot show error in connection with the rejection of their claims for asylum and withholding of removal. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518, 522 (5th Cir. 2012); *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021). Consequently, we need not reach the petitioners' remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petition for review is DENIED.