# United States Court of Appeals for the Fifth Circuit

No. 25-60231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2026

Lyle W. Cayce
Clerk

Ivan Fabricio Cartagena Cruz,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 778 954

Before Davis, Wilson, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Ivan Fabricio Cartagena Cruz, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60231

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Questions of law are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). He does not challenge the denial of CAT relief and has thus abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Cartagena Cruz argues that the BIA erred in concluding that he did not suffer past persecution. He first argues that the BIA should have considered the harm suffered by his parents in Honduras as part of a pattern of persecution closely tied to himself, as in *Argueta-Hernandez v. Garland*, 87 F.4th 698, 703, 708–09 (5th Cir. 2023), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025), and *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 345–46, 348–49 (5th Cir. 2006). His argument is unavailing, as record evidence demonstrates that Cartagena Cruz was not the target of the harm. *See Argueta-Hernandez*, 87 F.4th at 703, 707–08; *Tamara-Gomez*, 447 F.3d at 346, 348–49; *see also Martinez-Lopez v. Barr*, 943 F.3d 766, 771 (5th Cir. 2019) (per curiam) (stating that harm against an asylum applicant's family members "can constitute persecution," but "the persecutor must inflict them intending to target the asylum applicant"). Past persecution cannot be imputed from one family member to another, *see Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017); thus, the harm suffered by his parents does not suffice to establish his past persecution.

Cartagena Cruz next argues that the BIA failed to properly credit the "non-physical harms" he suffered in Honduras. He contends that the BIA "invented its own definition of past persecution" that included requirements of physical harm and firsthand experience of harm. A review of the record shows that the BIA did not commit any such error.

No. 25-60231

Cartagena Cruz received through his mother many death threats and threats of kidnapping from the alleged persecutors over the course of six years. However, given the long period of time involved and the apparent lack of any attempt to fulfill these threats, the unfulfilled threats here lack the requisite immediacy to constitute persecution. *See Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019). Moreover, although his mother heard gunshots outside their house on the same days that the alleged persecutors threatened her on the street, there was no evidence that the gunshots were actually aimed at anyone inside the house. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). The BIA therefore did not err in finding that these threats did not amount to past persecution.

He also asserts that he was persecuted when his alleged persecutors forced him into de facto confinement. Because the Government is correct that he did not exhaust this argument in the BIA, we do not consider it here. *See* 8 U.S.C. § 1252(d)(1); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

Not having shown any error regarding past persecution, Cartagena Cruz must show that the BIA erred in finding he had no well-founded fear of future persecution. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). However, he does not challenge the BIA's conclusion that he failed to demonstrate a well-founded fear of future persecution and has thus abandoned the issue. *See Soadjede*, 324 F.3d at 833.

Because past persecution or a well-founded fear of future persecution is an essential element of an asylum claim, Cartagena Cruz cannot establish eligibility for asylum or withholding of removal. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

The petition for review is DENIED.