# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60271
Summary Calendar

————————

Yaseerat Bello,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 503 846

————————————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Yaseerat Bello, a Nigerian citizen, petitions for review of the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She asserts the BIA erred by affirming

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the IJ's: adverse credibility finding; and rejecting her application for humanitarian asylum.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Bello first contends the IJ's finding her not credible was unsupported because the IJ: relied upon non-record speculation; failed to give proper weight to her explanations for her demeanor and failure to include fear of female genital mutilation on her initial application. Adverse credibility findings "are factual findings that are reviewed for substantial evidence". *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). The IJ must consider the totality of the circumstances and all relevant factors when making a credibility determination. 8 U.S.C. § 1229a(c)(4)(C); 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal). "The IJ and BIA may rely on *any* inconsistency or omission in making an adverse credibility determination" if lack of credibility is "supported by specific and cogent reasons derived from the record". *Avelar-Oliva*, 954 F.3d at 764 (internal quotation marks and citations omitted) (emphasis in original).

The IJ's unchallenged findings—including, *inter alia*, that Bello provided an inconsistent and implausible account of her alleged kidnapping

by Boko Haram—provide substantial evidence to support its adverse credibility determination. *See id* at 768–69. Further, notwithstanding her challenges to the IJ's credibility determination, Bello abandoned any challenge to the IJ's concluding the Government rebutted the presumption of a fear of future persecution. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (holding failure to brief substantive issues constitutes abandonment). Moreover, she fails to show error in the denial of withholding of removal, which employs a more stringent standard than asylum. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (holding "applicant who has failed to establish . . . less stringent . . . standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal"). And, consistent with her not raising a claim for CAT relief before the BIA, she also abandons that claim here. *See id* at 659.

As raised by the Government (and not contested by Bello, who did not file a reply brief), Bello's second contention—that the IJ erred by rejecting her application for humanitarian asylum—is unexhausted. *See, e.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023) (holding failure to raise issue before BIA, if raised by Government, constitutes failure to exhaust). Accordingly, we decline to reach this issue. *See id*.

DENIED.